OTT, Judge.
Appellant entered pleas of nolo conten-dere to charges of (1) possession of cannabis and (2) importation of a controlled substance. Sentencing was deferred and he was granted probation for a period of five years on each charge, to run concurrently. A condition of probation was that he serve two years in prison on each charge, also to run concurrently.
After appellant had been confined some five months, the disposition of his case was “corrected” in an effort to comply with Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981). In that case our supreme court ruled that incarceration, either as a condition of probation or as a sentence to be followed by probation, cannot legally equal or exceed one year. That rule was expressly given retroactive effect, and the parameters of discretion in correcting any nonconforming disposition were clearly defined: (1) the original disposition can be modified to make it legal, or (2) it can be vacated, in which case the court is free to sentence the defendant to a term of confinement. If the defendant is on probation, and has not violated the terms thereof, the term of confinement cannot exceed the original term of probation (or incarceration plus probation if a true split-term sentence has been imposed). If probation has been violated, the court can order the confinement of the defendant for any term that does not exceed the statutory maximum penalty for the crime in question.
Here, the court withdrew its order for probation and proceeded to sentence appellant to:
One (1) year in state prison as to Count I and four (4) years probation to begin upon release from state prison and one (1) year in state prison as to Count II to run consecutively with state prison sentence in Count I and four (4) years probation to run concurrently with probation in Count I for a total of two (2) years in state prison and four (4) years probation at expiration of state prison sentence.
The corrective order exceeds the Vil-lery restrictions in two respects. First, the one year of imprisonment is one day too much. Each sentence must be corrected accordingly.
Second, the total imprisonment/probation time for the two offenses is six years. Since appellant had not violated the original order for probation, the sentences imposed after probation was withdrawn (not revoked) could not exceed five years, the original probationary term.
Appellant’s main complaint is that the court ordered his confinement time to run consecutively on the two sentences, whereas the original grant of probation ordered the terms thereof to run concurrently. He asserts error on the grounds (1) that the court had no power to make that change under the Villery rule, and (2) section 921.16, Florida Statutes, does not authorize a sentence running both consecutively and concurrently to another sentence.
*78 We find no merit in the first point. When probation is revoked, the court can proceed to impose any punishment permitted by law for that crime. That the probationary terms for two offenses were concurrent does not mandate concurrent sentences when probation has been violated.
We perceive no difference in principle, and thus none in result, where probation is withdrawn because it is illegal. In ordering a new disposition of the case, the court should and does have all the options originally available to it when the defective order was made. The probation order has ceased to exist, save for only Villery’s limitation that imprisonment and/or probation could not be imposed for a period exceeding the original term of probation. The sole consequence of the original direction that the probationary terms on the two offenses should run concurrently was that the combined term was not ten years but five. So long as the court observes that overall limitation, and the incarceration for any one offense is less than one year, the requirements of Villery have been met.
With regard to the second point, we think that section 921.16, Florida Statutes, is not controlling. There is, to be sure, a statement in Rozmester v. State, 381 So.2d 324, 326[3] (Fla. 5th DCA 1980) that the statute permits consecutive or concurrent sentences, but not a combination. That case, however, and the cases on which it relies, involved “interrupted sentences,” such as we condemned in Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). No interruption is possible here.[1] Consequently, we are of the opinion that that principle does not apply here.
As presently ordered, appellant’s sentence on the second offense does not commence until the termination of the “prison time” on the first sentence. However, since that is a definite time, the sentence would not transgress the familiar rule that the date of commencement of a sentence cannot be vague or uncertain. See Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975).
Other than the two noted infractions of the Villery rules, we find no illegality in the disposition presently ordered by the court. It is, however, somewhat awkward. The first year, less a day, appellant will be serving his prison time for the first offense. The second year, he will be on probation for the first offense, serving his prison time for the second offense, and also on probation for the second offense. Upon remand, the court might consider some simple solution to all these problems, such as a grant of five years probation on each charge, to run concurrently. Commitment for 364 days could be imposed as a condition of probation on each offense, to run consecutively. The edicts of Villery would thus be met and any possible inconsistency under section 921.16, Florida Statutes, which pertains to sentencing, would be avoided.
The judgment of conviction is AFFIRMED. The sentence is VACATED and the case is REMANDED to the trial court for resentencing in compliance with the dictates of Villery.
SCHEB, C.J., and HOBSON, J., concur.

. We construe the order under review as ordering that probation on the first offense commence upon appellant’s “release” after serving the prison term for the first offense — a merely theoretic release, since he will immediately commence serving the prison term for the second offense. If probation were not to commence until after completion of all the prison time, there might be a gap in disposition as to the first offense. We venture no opinion on whether that gap would result in an impermissible “interrupted sentence.”