469 So.2d 798 (1985)
Wesley R. PRENTICE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-799.
District Court of Appeal of Florida, Second District.
April 10, 1985.
Rehearing Denied May 20, 1985.
*799 James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant, Wesley R. Prentice, appeals the trial court's denial of his motion to suppress and his sentences on seven counts of armed robbery, one count of burglary, and one count of grand theft.
Appellant was charged in seven separate informations with separate and distinct offenses of armed robbery. Another information charged one count of burglary and one count of grand theft. All of the offenses occurred prior to October 1, 1983, but sentencing took place thereafter. Appellant filed a motion to suppress his confession to his involvement in the robberies which was denied. Upon review of the evidence, we find that the trial court did not err in denying appellant's motion to suppress since there was probable cause to arrest appellant, and that any statements made by him were made prior to the time he was taken into custody. Thus, there was no violation of his rights pursuant to Miranda. We, therefore, direct our attention to appellant's second point on appeal concerning alleged sentencing errors.
Here, appellant was sentenced to four separate and distinct armed robberies, each carrying a minimum mandatory sentence of three years. Florida Rule of Criminal Procedure 3.701(d)(9) provides that where a recommended sentence is less than the mandatory sentence for an offense having a mandatory penalty, the mandatory sentence takes precedent. The trial court was acting within the provisions of rule 3.701 when he imposed consecutive sentences of three years for each armed robbery. He was not required to enter a written statement setting forth clear and convincing reasons for his sentence since the sentence was not a departure from that allowed by rule 3.701. We, therefore, affirm the judgments and sentences of the trial court. We note, however, that each sentence reflects that it is "not a guideline sentence." Since appellant had elected to be sentenced pursuant to the guidelines, and the court had so acknowledged, on remand, the sentences should be corrected to so reflect.
Finally, the trial court did err in failing to credit appellant on the concurrent sentences for time served. When a defendant is sentenced on multiple charges to concurrent sentences, he is entitled to be given credit on each concurrent sentence for the full time he spends in jail awaiting disposition of the charges. When a defendant receives jail time credit on one sentence which is to run concurrently with another sentence, the other sentence should also reflect credit for time served. Martin v. State, 452 So.2d 938 (Fla. 2d DCA 1984); Blackwell v. State, 449 So.2d 1296 (Fla. 2d DCA 1984). Contra Shepard v. State, 459 So.2d 460 (Fla. 3d DCA 1984); Green v. State, 450 So.2d 1275 (Fla. 5th DCA 1984); Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983).
*800 Affirmed and remanded for treatment consistent herewith.
RYDER, C.J., and FRANK, J., concur.