DANAHY, Chief Judge.
The defendant challenges his sentence for the offense of burglary. He was sentenced to three years imprisonment, a sentence which was in excess of the sentencing guideline recommendations. No written reasons for departure were given by the trial judge.
The state points out that the defendant was charged with being armed with a pistol during the commission of the burglary and, therefore, the trial judge was required to sentence the defendant to a three-year minimum term of imprisonment under section 775.087, Florida Statutes (1985). The transcript of the sentencing hearing reflects *31 that the trial judge clearly intended to impose a three-year minimum mandatory and so advised the defendant.
Accordingly, there is no error here. Florida Rule of Criminal Procedure 3.701(d)(9) provides that where a recommended sentence is less than the mandatory sentence for an offense having a mandatory penalty, the mandatory sentence takes precedence. The trial judge was not required to enter a written statement setting forth clear and convincing reasons for the defendant’s sentence since the sentence was not a departure from that allowed by rule 3.701. Prentice v. State, 469 So.2d 798 (Fla. 2d DCA 1985).
However, we note that the written sentence does not specify that the three-year term is a mandatory minimum under section 775.087. Accordingly, we reverse with directions that the sentence be amended to reflect that the defendant’s sentence is a three-year mandatory minimum under section 775.087.
Reversed and remanded.
LEHAN and HALL, JJ., concur.