PER CURIAM.
The appellant, Roger Branam, was convicted of sexual battery with threats of force or violence, attempted sexual battery, and false imprisonment. His sentencing guidelines scoresheet reflects a recommended prison sentence of life. The trial court originally sentenced Branam to terms of five years in prison for each of the above offenses to run concurrently, and listed reasons for departing downward from the recommended guidelines range.
This court previously found none of the reasons for departure valid and remanded “for resentencing within the guidelines.” See Branam v. State, 526 So.2d 117 (Fla. 2d DCA 1988). This court also noted that the presumptive guidelines sentence exceeded the statutory maximum for the of *159 fenses and that Branam must be resen-tenced to the maximum term provided by the applicable statutes.
On remand, the trial judge sentenced appellant to terms of thirty years, five years, and five years, to be served consecutively. There is no disagreement about the length of these terms which are the máximums under the respective statutes. The appellant contends, however, that the trial judge abused his discretion in resentencing appellant to consecutive terms of imprisonment. The appellant argues that, in essence, this court’s original opinion only remanded for resentencing on the count for which appellant did not originally receive the statutory maximum. We disagree. The guidelines scoresheet applied to all three counts and this court’s prior opinion dealt with all of the counts.
We perceive a related and more difficult question. On remand the trial judge believed that he had no discretion but to impose consecutive sentences. The question we face is whether the guidelines range takes precedence over the discretion given to a trial judge by section 921.16, Florida Statutes (1987) to impose concurrent or consecutive sentences.
We hold that the sentencing guidelines law takes precedence over the concurrent-consecutive statute for various reasons. First, the guidelines law was enacted subsequent to section 921.16, Florida Statutes (1987) and thus would be presumed to be the latest expression of legislative intent. Second, and by analogy, it has been held that the guidelines law takes precedence over the earlier statute dealing with habitual offenders. See Whitehead v. State, 498 So.2d 863 (Fla.1986). Finally, in a case where consecutive sentences would exceed the guidelines, we have no doubt that the judge’s discretion under section 921.16, Florida Statutes (1987) would also be superseded by the guidelines, in that case making concurrent sentences mandatory. It is obvious that in this case the closest that the judge can come to sentencing within the guidelines is to impose consecutive sentences.
Because this appears to be a case of first impression, we certify the following question to the Florida Supreme Court:
“When there are multiple convictions and maximum sentences which in the aggregate are less than called for by the sentencing guidelines scoresheet, must a trial judge impose consecutive sentences in order to bring the sentences within the guidelines or as close thereto as possible?”
AFFIRMED.
CAMPBELL, C.J., and DANAHY and SCHOONOVER, JJ., concur.