554 So.2d 512 (1990)
Roger BRANAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 73924.
Supreme Court of Florida.
January 4, 1990.
*513 Howard J. Shifke of Anthony F. Gonzalez, P.A., Tampa, for petitioner.
Robert A. Butterworth, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
GRIMES, Justice.
We review Branam v. State, 540 So.2d 158 (Fla. 2d DCA 1989), which certified the following question as one of great public importance:
When there are multiple convictions and maximum sentences which in the aggregate are less than called for by the sentencing guidelines scoresheet, must a trial judge impose consecutive sentences in order to bring the sentences within the guidelines or as close thereto as possible?
Id. at 159. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The petitioner, Roger Branam, was convicted of sexual battery with threats of force or violence, attempted sexual battery, and false imprisonment. Branam's sentencing guidelines scoresheet recommended a sentence of life in prison. The trial judge sentenced Branam to terms of five years on each of the counts, to run concurrently, and listed reasons for this downward departure. The reasons given for the departure were subsequently found to be invalid, and the case was remanded for resentencing within the guidelines recommendation. Branam v. State, 526 So.2d 117 (Fla. 2d DCA), review denied, 534 So.2d 398 (Fla. 1988).
At the resentencing hearing, the judge sentenced the petitioner to the statutory maximum terms of thirty years, five years, and five years, to be served consecutively. On appeal, the court rejected Branam's argument that only the count for which he did not receive the statutory maximum was remanded for resentencing. Noting, however, that the trial judge believed that he had no discretion but to impose consecutive sentences, the court perceived a conflict between the guidelines and section 921.16, Florida Statutes (1987), which authorizes the imposition of either concurrent or consecutive sentences. The court affirmed the sentences but posed the certified question.
In adopting the sentencing guidelines, we stated:
Sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.
In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla. 1983). Unless upward or downward departures are justified by valid written reasons, a trial judge may not depart from the guidelines recommendation. Williams v. State, 492 So.2d 1308 (Fla. 1986). Since uniformity in the sentencing process is the goal, all sentences should reflect, or attempt to reflect, the guidelines as closely as possible unless valid reasons for departure are found. Thus, in those instances where the statutory minimums or maximums preclude sentencing within the guidelines recommendation, the trial judge must impose either concurrent or consecutive *514 sentences, as the case may be, in order to come as close as possible to the guidelines scoresheet recommendation.
We answer the certified question in the affirmative and approve the decision of the district court of appeal.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.