WENTWORTH, Senior Judge.
Ronnie Dewey Brown appeals the denial, without a hearing, of his Fla.R.Crim.P. 3.800 motion to correct illegal sentence. We affirm.
Brown entered a plea of nolo contendere to charges of aggravated battery, aggravated assault and carrying a concealed weapon, and to armed burglary of a structure, trafficking in firearms and grand theft. All of the charged offenses occurred in 1983. When Brown tendered his plea on February 17,1984, he elected guideline sentencing under the version of the guidelines then in effect. On appeal this court upheld the departure but reversed the imposition of two consecutive mandatory minimum sentences. Appellant’s affirmative selection of guideline sentencing was upheld. Brown v. State, 464 So.2d 193 (Fla. 1st DCA 1985). The present appeal relates to Brown’s motion for relief filed after resen-tencing on remand in 1985.
In his motion Brown argues that his initial sentence was illegal. He concedes that when he was resentenced in 1985 following his direct appeal, he once again affirmatively elected to be sentenced under the guidelines, and argues that he should have been sentenced under the guidelines in effect on that date. This is in accord with the holding of Smith v. State, 537 So.2d 982 (Fla.1989). Smith held that the sentencing guidelines under which Brown was originally sentenced were unconstitutional prior to July 1, 1984. When a defendant commits a crime prior to the effective date of the guidelines and then elects guideline sentencing, the guidelines in ef-
*652 feet at the time of the election are controlling. Connell v. Wade, 588 So.2d 854 (Fla. 1989). And any defendant electing guideline sentencing after July 1, 1984 elects the amended, effective version of the guidelines. Tyner v. State, 545 So.2d 961, 963, n. 3 (Fla. 2d DCA 1989).
The record establishes that Brown was in fact resentenced under the valid version of the guidelines. Further, the fact that the original reasons for departure were subsequently held to be invalid in unrelated decisions does not constitute fundamental or constitutional error warranting post conviction relief on the grounds of sentence illegality. McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987), approved 534 So.2d 1144 (Fla.1989). The trial court’s denial of relief on Brown’s Fla. R.Crim.P. 3.800 motion to correct illegal sentence is therefore AFFIRMED.
SMITH and MINER, JJ., concur.