LEHAN, Judge.
We affirm the denial of defendant’s motion filed under rule 3.800, Florida Rules of Criminal Procedure, to correct an alleged illegal sentence.
The sentence, which involved the stacking of mandatory minimum sentences, is inconsistent with the principle announced in Branam v. State, 554 So.2d 512 (Fla.1990). See also Boom v. State, 574 So.2d 1213 (Fla. 2d DCA 1991). Nonetheless, it appears to have been proper at the time it was imposed and, in fact, subsequently affirmed by this court in Harden v. State, 541 So.2d 1179 (Fla. 2d DCA 1989). See Palmer v. State, 438 So.2d 1 (Fla.1983).
As in McCuiston v. State, 507 So.2d 1185 (Fla. 2d DCA 1987), approved, 534 So.2d 1144 (Fla.1988), the change in the law bearing upon the circumstances of this case was “not such a fundamental ... change as will cast serious doubt on the veracity or integrity of ... [the] original trial proceeding,” 507 So.2d at 1188, and “was not illegal, per se, as being above the statutory maximum,” 534 So.2d at 1147. See also Brown v. State, 588 So.2d 651, 652 (Fla. 1st DCA 1991) (“[T]he fact that the original reasons for departure were subsequently held to be invalid in unrelated decisions does not constitute fundamental or constitutional error warranting post conviction relief on the grounds of sentence illegality.”).
Affirmed.
SCHOONOVER, C.J., and RYDER, J., concur.