PARKER, Judge.
Lucien Wilner has filed a petition for writ of habeas corpus, challenging the effectiveness of his appellate counsel. We grant Wil-ner’s petition and remand this case to the trial court for resentencing.
This is the third time that Wilner has asked this court to review his sentences for these drug offenses. This court affirmed per curiam Wilner’s direct appeal in 1991. In Wilner v. State, 629 So.2d 1097 (Fla. 2d DCA 1994), this court affirmed the trial court’s order denying Wilner’s motion for post-conviction relief without prejudice for Wilner to file a petition for writ of habeas corpus to challenge the effectiveness of appellate counsel on direct appeal. We conclude that the petition that Wilner has filed now has merit.
Wilner was convicted of three counts of drug trafficking and one count of conspiracy to traffic in drugs. Although the sentencing guidelines scoresheet recommended a sentence of seven to nine years, the court stacked Wilner’s four sentences with fifteen-. year minimum mandatory sentences for a total of minimum mandatory sentences of sixty years, followed by forty years’ probation, in addition to substantial fines required by the trafficking statutes. Wilner now complains that his appellate counsel was ineffective for failing to challenge on direct appeal that he received consecutive sentences which far exceeded his recommended guidelines sentence.
When reviewing a claim of ineffectiveness of appellate counsel, an appellate court must determine “whether an act or omission specified constituted a serious and substantial deficiency falling below the standard performance required of appellate counsel, and if so, whether the deficiency in performance prejudiced the essential fairness and reliability of the appeal.” Jones v. Wainwright, 473 So.2d 1244, 1245 (Fla.1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Applying this standard to the instant case, we conclude that Wilner’s appellate counsel was ineffective.
The supreme court, in Branam v. State, 554 So.2d 512, 513-14 (Fla.1990), stated: “[I]n those instances where the statutory mínimums or máximums preclude sentencing within the guidelines recommendation, the trial judge must impose either concurrent or *188 consecutive sentences, as the case may be, in order to come as close as possible to the guidelines scoresheet recommendation.” Wilner’s sentences greatly exceeded the recommended guidelines sentence. The court sentenced Wilner on September 8, 1989. The supreme court decided Branam on January 4, 1990. Wilner’s counsel filed the initial brief in the direct appeal on March 25, 1991, but failed to raise Branam as an issue. Wilner’s ease was a case in the “pipeline” when Branam was decided. See Smith v. State, 598 So.2d 1063 (Fla.1992). Wilner, therefore, was entitled to have the issue raised in his appeal. We conclude that failure of appellate counsel to raise this sentencing issue when the supreme court had decided this issue over one year earlier was a substantial deficiency which fell below the standard of performance required of appellate counsel. We further conclude that this deficiency was prejudicial in that it greatly affected the time of incarceration that Wilner will be required to serve.
We, accordingly, grant Wilner’s petition and direct that Wilner be delivered to the trial court for resentencing pursuant to Bra-nam. In resentencing, we note that there is no reason why the trial court cannot again impose a term of forty years of probation consecutive to the term of incarceration. See State v. Holmes, 360 So.2d 380 (Fla.1978).
DANAHY, A.C.J., and ALTENBERND, J., concur.