645 So.2d 98 (1994)
Isabelle RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-164.
District Court of Appeal of Florida, Third District.
November 9, 1994.
*99 Bennett H. Brummer, Public Defender and N. Joseph Durant, Jr., Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch and Doquyen T. Nguyen, Asst. Attys. Gen., for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
Isabelle Rodriguez, defendant in the trial court, appeals her sentence for possession of cocaine following revocation of probation.
On February 2, 1993, defendant was charged by information with possession of cocaine. Pursuant to a plea agreement, defendant pleaded nolo contendere to the charge in exchange for two years probation and withholding of adjudication of guilt. In September 1993, the state filed an affidavit alleging that defendant had violated her probation by conspiring to commit murder. Defendant admitted to the court that she had engaged in such activity. In response, the trial court revoked defendant's probation, adjudicated her guilty of the initial charge of possession of cocaine, sentenced her to five years imprisonment and entered a nolle prosequi on the new substantive charge of conspiracy to commit murder. The five year sentence for possession of cocaine constituted a two cell upward departure from the permitted guideline sentence.[1] At the sentencing hearing the trial judge announced he was departing from the guideline sentence because the defendant had engaged in criminal activity by conspiring to commit murder. The trial judge wrote this reason on the guideline scoresheet.
Defendant advances two arguments as to why her sentence should be vacated. First, defendant argues that the trial court erred by imposing a departure sentence without providing written reasons on the record. Defendant, however, neglects to recognize the trial judge's notation on the scoresheet. There, the trial judge wrote that the departure sentence was based on the new criminal offense of conspiracy to commit murder. This notation was sufficient to satisfy the writing requirement for a departure sentence. See Torres-Arboledo v. State, 524 So.2d 403 (Fla. 1988); Ferguson v. State, 537 So.2d 144 (Fla. 3d DCA 1989); Velazguez-Velazguez v. State, 523 So.2d 774 (Fla. 3d DCA 1988).
Second, defendant argues that her sentence cannot stand because the trial judge gave an invalid reason for the two cell departure. Specifically, defendant contends it was improper for the judge to rely on the new offense of conspiracy to commit murder as the reason for departing from the guideline sentence.
*100 Rule 3.701(d)(14) of the Florida Rules of Criminal Procedure permits the trial court to impose a one cell upward departure upon revocation of probation. Yet the trial court may not impose a sentence exceeding the one cell upward departure permitted by Rule 3.701(d)(14) unless the excess departure is based on valid reasons which existed at the time the defendant was placed on probation. See State v. Johnson, 585 So.2d 272 (Fla. 1991); Williams v. State, 581 So.2d 144 (Fla. 1991); Lambert v. State, 545 So.2d 838 (Fla. 1989). It is clear the trial judge used the new criminal offense of conspiracy to commit murder as the basis for imposing the extra one cell departure. This fact is evidenced by the trial judge's own handwritten notation on the scoresheet and further supported by the trial judge's comments at the sentencing hearing. Such a reason would not have supported a departure sentence at the time the defendant was placed on probation and thus cannot support a departure sentence now.
Accordingly, because the trial judge's reason in support of departure is invalid, we reverse appellant's sentence and remand for resentencing within the guidelines.[2]
Reversed and remanded.
NOTES
[1] The permitted guideline range was any nonstate prison sanction, community control, or 12 to 22 months incarceration.
[2] Under Shull v. Dugger, 515 So.2d 748 (Fla. 1987), the trial court may not enunciate new reasons for a departure sentence after the reasons given for the original departure sentence have been reversed by an appellate court.