PARIENTE, Judge.
. We affirm defendant’s convictions in all respects raised in his appeal. On cross-appeal, we reverse the sentence imposed because the trial court entered a downward departure sentence without written reasons justifying the departure.
Defendant was convicted of resisting officers with violence and battery on a law enforcement officer, both third-degree felonies, each offense carrying a maximum penalty of five years imprisonment. Under the sentencing guidelines, the recommended range was 12-17 years. The trial court sentenced defendant to the statutory maximum term of five years for each offense, to run concurrently.
The state maintains that the trial court erred in imposing concurrent sentences based on Branam v. State, 554 So.2d 512 (Fla.1990). In Branam, the supreme court held that in the case of multiple convictions *134 where statutory minimums or máximums preclude sentencing within the guidelines for an individual offense, a “trial court must impose either concurrent or consecutive sentences, as the case may be, in order to come as close as possible to the guidelines score-sheet recommendation” unless the trial court justifies the departure by valid written reasons. Id. at 513-14.
In this case, the sentencing order indicates that sentencing was not in conformity with Branam because of the imposition of concurrent sentences of five years where the guidelines recommendation was 12-17 yfears. However, the state has failed to provide us with a transcript of the sentencing hearing from which we may discern the reasons for the sentence imposed. Therefore, we do not know whether the trial court exercised its discretion to impose a downward departure sentence or instead intended to impose the statutory maximum for each crime and did not realize it was imposing a departure sentence. See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Williams v. State, 591 So.2d 295 (Fla. 4th DCA 1991). Further, because the state did not provide us with an adequate record, we do not know whether the trial court recited valid reasons for departure during sentencing such that the act of reducing the reasons to writing was merely ministerial. See Smith v. State, 598 So.2d 1063, 1067 (Fla.1992).
Accordingly, we vacate defendant’s sentence and remand for resentencing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR RESEN-TENCING.
GUNTHER and SHAHOOD, JJ., concur.