WEBSTER, Judge.
In this direct criminal appeal, appellant challenges both his convictions on four counts of battery on a law enforcement officer and his sentences. He argues that his convictions should be reversed, and the informa-tions dismissed, because the trial court erroneously struck his demand for speedy trial and subsequently erroneously denied his motions for discharge based upon his right to a speedy trial. In the alternative, he argues that, if his convictions are not reversed, his sentences should, nevertheless, be vacated because they exceed the statutory maximum for the offenses of which he was convicted. We conclude that appellant’s speedy trial rights were not violated and, therefore, affirm his convictions. However, we vacate appellant’s sentences because they exceed the statutory maximum for the offenses of which he was convicted, and remand for the imposition of legal sentences.
On September 27, 1992, appellant was a federal pretrial detainee housed, pursuant to contract, at the Hamilton County Jail. On that day, he allegedly battered four correctional officers employed by the Hamilton County Sheriffs Office. On October 8, 1992, appellant was charged by information with four counts of battery on a law enforcement officer. On October 20, 1992, appellant was returned by the United States Marshal’s Service to the United States District Court for the Middle District of Georgia for trial. Appellant was subsequently convicted and sentenced to serve a 25-year term at the Tal-ladega Federal Correctional Institute in Alabama.
*466 On August 9, 1993, counsel who had been appointed to represent appellant at his first appearance on the battery on a law enforcement officer charges filed a demand for speedy trial, requesting trial within 60 days, pursuant to Florida Rule of Criminal Procedure 3.191(b). On the following day, counsel filed a motion for discharge pursuant to rule 3.191(a).
On September 30, 1993, deputies from the Hamilton County Sheriffs Office traveled to the Talladega Federal Correctional Institute, where they obtained custody of appellant, apparently pursuant to the Interstate Agreement on Detainers (§§ 941.45-.50, Fla.Stat (1993)), and returned him to Hamilton County to stand trial on the battery on a law enforcement officer charges. After his return to Hamilton County, additional motions for discharge on speedy trial grounds were filed on appellant’s behalf on October 11, 1993, December 17, 1993, and January 4, 1994. On the latter date, the state filed a motion to strike the August 9 demand for speedy trial on the ground that it had been filed before custody over appellant had been obtained from the federal authorities. Following a hearing, the trial court struck the demand for speedy trial because appellant was in federal custody when the demand was filed; and denied the motions for discharge because running of the time within which trial was required to commence without a demand, pursuant to rule 3.191, had been tolled while appellant was in federal custody. Appellant’s trial was held on January 6,1994, resulting in guilty verdicts on all four counts. Judgments of guilt were entered on all counts, and appellant was sentenced to nine years in prison on each count, the four sentences to run concurrently with each other, but consecutively to appellant’s federal sentence. This appeal followed.
Notwithstanding the fact that appellant was being physically housed in the Hamilton County Jail when he committed the offenses which are the subject of this appeal, we conclude that, from a time prior to the commission of those offenses until he was picked up at the Talladega Federal Correctional Institute by deputies from the Hamilton County Sheriffs Office, appellant was continuously “in federal custody.” See, e.g., United States v. Eaglin, 571 F.2d 1069 (9th Cir.1977) (escape from state institution is escape from federal custody if prisoner confined there under authority of Attorney General), cert. denied, 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978); United States v. Cluck, 542 F.2d 728 (8th Cir.) (escape from county hospital is escape from federal custody where escapee was being held in state institution designated by Attorney General, and was transported to hospital for treatment), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 597 (1976); United States v. Hobson, 519 F.2d 765 (9th Cir.) (person serving sentence in state institution designated by Attorney General, pursuant to federal conviction, is in federal custody in legal sense, even though not in physical sense, for purpose of federal escape statute), cert. denied, 423 U.S. 931, 96 S.Ct. 283, 46 L.Ed.2d 261 (1975). Therefore, according to the express language of what was then Florida Rule of Criminal Procedure 3.191(b)(1) (now rule 3.191(e)), appellant was not entitled to the benefit of that rule until he had been “returned to the jurisdiction of the court within which the Florida charge is pending and until written notice of th[at] fact [had been] filed with the court and served upon the prosecutor.” In particular, he was not permitted to file a demand for speedy trial until such time; and the period within which trial must commence without a demand did not begin to run until such time.
State v. Agee, 588 So.2d 600 (Fla. 1st DCA 1991), approved, 622 So.2d 473 (Fla.1993), upon which appellant relies, is distinguishable because, there, the defendant had been taken into custody by Florida authorities, charged and then held for some period, after which he was released to Tennessee pursuant to a detainer filed by that state. Because the defendant had been in the custody of Florida authorities and then released to another jurisdiction, we held that rule 3.191(b)(1) did not apply. In contrast, here, appellant was already “in federal custody” when charged with the state offenses, and continued “in federal custody” until released by the federal government pursuant to the Interstate Agreement on Detainers.
*467 The demand for speedy trial was filed before appellant had been returned to Hamilton County. Therefore, pursuant to the rule, it was proper for the trial court to strike the demand on the motion of the state attorney. No demand for speedy trial was filed after appellant’s return. The period within which trial was required to commence without a demand did not begin to run until September 30, 1993, at the earliest. Therefore, the trial was timely held, and appellant was not entitled to discharge. Accordingly, we affirm appellant’s convictions.
Appellant was sentenced to, nine years in prison on each of the battery on a law enforcement officer charges, the four sentences to run concurrently with each other, but consecutively to appellant’s federal sentence. As appellant correctly points out, battery on a law enforcement officer is a third-degree felony. § 784.07(2)(b), Fla.Stat. (1991). The maximum period of incarceration for a third-degree felony (absent habitu-alization) is five years. § 775.082(3)(d), Fla. Stat. (1991). Appellant was not habitualized. Therefore, it was error to impose 9-year sentences, notwithstanding the fact that the sentencing guidelines scoresheet reflected a recommended range of 12 to 17 years, and a permitted range of 9 to 22 years. Accordingly, we vacate the four 9-year sentences. However, we note that, absent some valid reason for a downward departure, on remand, the trial court will be obliged to impose a combination of sentences which will “come as close as possible to the guidelines scoresheet recommendation,” presumably by making at least some of the sentences consecutive to each other. Branam v. State, 554 So.2d 512 (Fla.1990).
CONVICTIONS AFFIRMED; SENTENCES VACATED; and case REMANDED for resentencing, with directions.
MICKLE and BENTON, JJ., concur.