PER CURIAM.
The appellant, John Henry Barry, challenges the trial court’s resentencing. We find that the trial court erred in departing from the sentencing guidelines and, accordingly, reverse and remand for another resen-tencing.
The appellant was originally adjudicated guilty and sentenced as follows: violation of the Florida Racketeering Influenced and Corrupt Organization Act (count I), thirty years in prison; trafficking in cocaine (count AO, fifteen years in prison concurrent with count I (minimum mandatory fifteen years); trafficking in cocaine (count VII), fifteen years in prison consecutive to count V (minimum mandatory fifteen years); conspiracy to traffick in cocaine (count VIII), fifteen years in prison concurrent with count V (minimum mandatory fifteen years); trafficking in cocaine (count IX), fifteen years in prison con *1230 secutive to count V (minimum mandatory fifteen years); and perjury (count XII), five years in prison concurrent with count I.
The appellant argued in his first appeal that the trial court erred in imposing a departure sentence without providing contemporaneous reasons. This court in Barry v. State, 626 So.2d 270 (Fla. 2d DCA 1993), agreed and reversed the appellant’s sentences and remanded for resentencing within the guidelines maximum permitted sentence of seventeen years in prison.
On remand, the trial court resentenced the appellant to twelve years in prison on count I and left the consecutive minimum mandatory sentences intact. The appellant filed a timely notice of appeal challenging the new sentences imposed upon him. The appellant now contends that the trial court erred in leaving the stacked minimum mandatory sentences intact since they exceeded the guidelines maximum of seventeen years in prison. We agree.
Although consecutive minimum mandatory sentences are permitted when the crimes occurred at separate times and places, the imposition of consecutive minimum mandatory sentences is not required. See Short v. State, 572 So.2d 1007 (Fla. 3d DCA 1991). Where statutory minimum mandatory sentences preclude sentencing within the permitted guidelines, the trial court, in order to come as close to the permitted guidelines range as possible, must impose either concurrent or consecutive minimum mandatory sentences. Zamora v. State, 584 So.2d 156 (Fla. 2d DCA 1991). See also Branam v. State, 554 So.2d 512 (Fla.1990).
In the appellant’s first appeal, we reversed and remanded for resentencing within the guidelines. In order to resentence the appellant within the permitted range of the guidelines, i.e. seventeen years, the trial court on remand should have imposed concurrent minimum mandatory sentences and erred by failing to do so.
We, accordingly, reverse the sentences and remand to the trial court for the imposition of concurrent minimum mandatory sentences.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.