PER CURIAM.
The appellant, Matthew Robinson, raises several issues, only one of which has merit. We agree with his argument that the trial court erred in sentencing him in excess of the maximum sentence for a third degree felony. Accordingly, although we affirm appellant’s convictions, we vacate his sentences and remand for resentencing.
Appellant was convicted of two counts of aggravated assault with a firearm. The trial court sentenced him to nine years imprisonment with a three year mandatory minimum as to both counts and ordered the sentences to run concurrently. Aggravated assault with a firearm is a third degree felony punishable by up to five years imprisonment. Witherspoon v. State, 634 So.2d 208 (Fla. 4th DCA 1994). The nine year sentences, therefore, were in excess of the statutory maximum.[1]
Accordingly, we must vacate the sentences and remand for resentencing. On remand, however, the trial court may reimpose the total nine year term approved by the guidelines by structuring consecutive sentences that are within the statutory maximum. Branam v. State, 554 So.2d 512 (Fla.1990).
Convictions affirmed, sentences vacated, and cause remanded for resentencing.
CAMPBELL, A.C.J., and LAZZARA and QUINCE, JJ., concur.

. Appellant’s recommended sentencing guidelines range is five and one-half to seven years with a permitted range of four and one-half to nine years. It is apparent, therefore, that the trial court was attempting to impose a sentence at the very top of the range authorized by the guidelines.