PER CURIAM.
After appellant’s successful appeal to this court and the supreme court challenging his departure sentence, Darrisaw v. State, 642 So.2d 615 (Fla. 4th DCA 1994), approved, 660 So.2d 269 (Fla.l995), the case was remanded to the trial court with directions to sentence the appellant within the guidelines. Appellant appeals from the sentence imposed on remand, which exceeded the guidelines by six months. We reverse.
The appellant was convicted of one count of armed robbery with a firearm, one count of grand theft auto, and one count of aggravated assault. His recommended guidelines sentence was 3½ to 4½ years, and the permitted range was 2⅜ to 5⅞ years. In sentencing on remand, the court imposed a 5½ year sentence on count one with a three year mandatory minimum sentence for the use of a firearm, a five year sentence on count two, and a five year sentence on count three, including a three year mandatory minimum for use of a firearm. The court made the *215 mandatory minimum portion of the sentences on counts one and three run consecutively, because it found that the crimes occurred at separate times and places. As a consequence of the imposition of consecutive mandatory minimum sentences, the appellant was sentenced to prison for six years, six months longer than the permitted guidelines range.[1]
In Branam v. State, 554 So.2d 512 (Fla.1990), the supreme court reaffirmed the principle that sentencing guidelines strove for uniformity in sentencing. “Thus, in those instances where the statutory mínimums or máximums preclude sentencing within the guidelines recommendation, the trial judge must impose either concurrent or consecutive sentences ... in order to come as dose as possible to the guidelines scoresheet recommendation.” Id. at 513-14 (emphasis supplied). Branam was applied in Barry v. State, 654 So.2d 1229 (Fla. 2d DCA), rev. denied, 660 So.2d 715 (Fla.1995). Barry is directly on point. In Barry, the defendant was also before the court on resentencing within the guidelines after a successful appeal of a departure sentence. Just as in the instant case, the trial court sentenced Barry to consecutive fifteen year mandatory minimum prison terms, which exceeded the guidelines. The second district reversed, holding that the court erred in imposing consecutive sentences:
Where statutory minimum mandatory sentences preclude sentencing within the permitted guidelines, the trial court, in order to come as close to the permitted guidelines range as possible, must impose either concurrent or consecutive minimum mandatory sentences. Zamora v. State, 584 So.2d 156 (Fla. 2d DCA 1991). See also Branam v. State, 554 So.2d 512 (Fla.1990).
Id. at 1230.
The direction on remand was to sentence the appellant within the guidelines. The application of consecutive mandatory minimum sentences resulted in a total sentence which exceeded the guidelines. We, therefore, remand to the trial court for the imposition of concurrent minimum mandatory sentences.
Reversed and remanded.
WARNER, PARIENTE and STEVENSON, JJ., concur.

. The state claims that the error was not preserved for review. However, a sentencing error which is apparent on the face of the record does not require a contemporaneous objection. Taylorv. State, 601 So.2d 540 (Fla.1992).