PER CURIAM.
Antonio Tomas appeals from the denial of his motion to dismiss or for discharge on speedy trial grounds. We affirm.
The speedy trial period begins to run for a prisoner in federal custody, who is then arrested on state charges, when the prisoner is returned to the jurisdiction of the court within which the Florida charge is pending and written notice of that fact has been filed with the court and served on the prosecutor. See Holmes v. State, 653 So.2d 464, 466 (Fla. 1st DCA 1995); Fla. R.Crim. P. 3.191(e). Although the prisoner may be physically detained within a state facility, as long as he is detained under the auspices of the federal government he remains a federal prisoner until the United States Marshal obtains authority to have the prisoner served and arraigned on the state charges. Until that authority is obtained, the speedy trial period *532 does not start, regardless of the prisoner’s place of incarceration.[1]
AFFIRMED.

. We find no merit in the remaining point on appeal.