751 So.2d 158 (2000)
Benjamin FANNIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-250.
District Court of Appeal of Florida, Second District.
February 4, 2000.
Rehearing Denied February 7, 2000.
Robert A. Norgard, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Benjamin Fannin appeals the trial court's denial of his motion for postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850.[1] Fannin raises two issues. He contends the trial court erred in summarily denying his claim that the State relied on perjured testimony to convict him. Fannin also argues that the trial court impermissibly imposed consecutive minimum mandatory sentences. We agree on both issues and reverse the trial court's denial of relief.
On December 11, 1990, the trial court convicted Fannin of one count of violating the Florida Racketeer Influenced and Corrupt *159 Organizations Act ("RICO"), one count of RICO conspiracy, and numerous counts of trafficking and conspiracy to traffic in cocaine over 400 grams. At sentencing, Fannin's guidelines scoresheet reflected a permitted sentencing range of five and one-half to twelve years' incarceration. On January 18, 1991, the trial court imposed multiple sentences which totaled forty-five years' incarceration because the court ordered three minimum mandatory fifteen-year sentences to run consecutively. The trial court did not provide written reasons for the departure sentence. Subsequently, the trial court also convicted Fannin's two co-defendants, John Henry Barry and James Timonere, and similarly sentenced them to consecutive minimum mandatories exceeding the guidelines.
Fannin appealed his convictions and sentences on several grounds, including his claim that the trial court improperly departed from the guidelines by "stacking" the minimum mandatory sentences. This court affirmed per curiam without opinion on March 20, 1992. See Fannin v. State, 599 So.2d 1286 (Fla. 2d DCA 1992).
Both of Fannin's co-defendants also appealed on the same departure issue. This court reversed and remanded both cases, even though a different panel had affirmed Fannin. See Barry v. State, 626 So.2d 270 (Fla. 2d DCA 1993) (reversed October 29, 1993, and remanded for re-sentencing within guidelines), appeal after remand, Barry v. State, 654 So.2d 1229 (Fla. 2d DCA 1995) (reversed and remanded for resentencing to single fifteen-year mandatory minimum with concurrent sentences for all other counts); see also Timonere v. State, 631 So.2d 1138 (Fla. 2d DCA 1994) (reversed and remanded for re-sentencing within guidelines), appeal after remand, Timonere v. State, 666 So.2d 197 (Fla. 2d DCA 1995) (reversed repeated stacking of minimum mandatories, remanded for resentencing to single fifteen-year mandatory minimum with concurrent sentences for all other counts).
On December 8, 1993, after this court handed down its opinion in Barry, Fannin filed a rule 3.850 motion for postconviction relief on numerous grounds, including the sentence-stacking issue he had already raised on direct appeal. Fannin also attacked his conviction on the basis that two witnesses had testified perjuriously at his trial, a claim based on those witnesses' testimony in his co-defendants' subsequent trials. The trial court summarily denied several of Fannin's claims, including the perjured testimony claim. The trial court ruled that Fannin should have raised the perjury issue on direct appeal.
The trial court ordered the State to show cause on the remaining claims to determine which merited an evidentiary hearing. On January 2, 1996, the trial court summarily denied relief on most of Fannin's remaining claims and ordered an evidentiary hearing on three claims, including the sentence-stacking issue. After an evidentiary hearing, the trial court denied relief on the sentencing claim on November 25, 1996. The trial court stated, "Nothing in the laws of Florida states that a drug trafficker should have a minimum mandatory sentence lessened by the guidelines. That is not the intent of the legislature or the guidelines. It is appropriate for the sentence to be consecutive."

I. DENIAL OF PERJURED TESTIMONY CLAIM WITHOUT HEARING
We conclude that the trial court erred in denying Fannin a hearing on the perjured testimony claim. He could not have brought the claim on direct appeal because he bases his claim on contradictions between the testimony of witnesses Leo Fraley and Gary Erdman at Fannin's trial and their testimony in the subsequent trials of co-defendants Barry and Timonere. Furthermore, Fannin's claim is facially sufficient because it alleges all of the elements set forth in Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), which, if proven, would *160 entitle him to relief. A trial court may summarily deny a facially sufficient claim only if it attaches to the order portions of the trial record that clearly refute the claim. See Tranquille v. State, 708 So.2d 676, 676 (Fla. 2d DCA 1998). The trial court here did not attach portions of the record. The trial testimony below, without the testimony from the co-defendants' trials, cannot refute Fannin's perjury claim. Accordingly, we reverse the summary denial of this claim and remand this cause for an evidentiary hearing.

II. STACKING OF CONSECUTIVE SENTENCES
Before the Florida Supreme Court decided Branam v. State, 554 So.2d 512 (Fla.1990), Florida law did not require the trial court to enter reasons for departure when it imposed a minimum mandatory sentence exceeding the recommended guidelines. See id. at 514. Florida courts did not consider such a sentence to be a departure because Florida Rule of Criminal Procedure 3.701(d)(9), which is part of the guidelines, authorized it. See, e.g., Mazza v. State, 499 So.2d 30 (Fla. 2d DCA 1986); Prentice v. State, 469 So.2d 798 (Fla. 2d DCA 1985); Lightfoot v. State, 459 So.2d 1157 (Fla. 2d DCA 1984) (consecutive minimum mandatories for separate offenses). In Harden v. State, 595 So.2d 585 (Fla. 2d DCA 1992), which we decided post-Branam but which involved crimes the defendant committed pre-Branam, we stated that stacking of minimum mandatory sentences, although improper under Branam, "appears to have been proper at the time it was imposed...." See id. at 585; see also Kraft v. State, 583 So.2d 365, 367 (Fla. 4th DCA 1991).[2]
In Branam v. State, 540 So.2d 158 (Fla. 2d DCA 1989), this court considered the issue of whether the trial court must stack maximum sentences to reach a minimum guidelines sentence. We certified the following question to the Florida Supreme Court:
When there are multiple convictions and maximum sentences which in the aggregate are less than called for by the sentencing guidelines scoresheet, must a trial judge impose consecutive sentences in order to bring the sentences within the guidelines or as close thereto as possible?
Id. at 159. The Florida Supreme Court answered the certified question in the affirmative. See Branam v. State, 554 So.2d 512, 514 (Fla.1990). In its opinion, the court then added:
Unless upward or downward departures are justified by valid written reasons, a trial judge may not depart from the guidelines recommendation. Since uniformity in the sentencing process is the goal, all sentences should reflect, or attempt to reflect, the guidelines as closely as possible unless valid reasons for departure are found. Thus, in those instances where the statutory minimums or maximums preclude sentencing within the guidelines recommendation, the trial judge must impose either concurrent or consecutive sentences, as the case may be, in order to come as close as possible to the guidelines scoresheet recommendation.
Id. at 513 (emphasis added) (citation omitted).
To date, the First, Third, and Fifth District Courts have cited Branam only to uphold consecutive sentences which increase the actual sentence in order to meet the guidelines. See, e.g., Betz v. State, 712 So.2d 778 (Fla. 5th DCA 1998); Jones v. State, 664 So.2d 1116 (Fla. 4th DCA 1995); Holmes v. State, 653 So.2d 464 (Fla. 1st DCA 1995); State v. Stutsman, 566 So.2d 880 (Fla. 3d DCA 1990).
However, this court has cited Branam in numerous cases to reverse consecutive minimum mandatory sentences *161 where such stacking resulted in a sentence which exceeded the guidelines. See, e.g., Timonere v. State, 666 So.2d 197 (Fla. 2d DCA 1995) (co-defendant of Fannin); Barry v. State, 654 So.2d 1229 (Fla. 2d DCA 1995) (co-defendant of Fannin); Wilner v. Singletary, 647 So.2d 187 (Fla. 2d DCA 1994); Zamora v. State, 584 So.2d 156 (Fla. 2d DCA 1991); Hernandez-Reinoso v. State, 583 So.2d 794 (Fla. 2d DCA 1991); Boom v. State, 574 So.2d 1213 (Fla. 2d DCA 1991). The Fourth District, in Darrisaw v. State, 682 So.2d 214 (Fla. 4th DCA 1996), agreed with our interpretation of Branam. Based on these decisions, we conclude that the trial court in this case should have granted Fannin's motion for postconviction relief as to the sentencing issue, despite our affirmance on the same issue on his direct appeal. See Benedit v. State, 610 So.2d 699, 699 (Fla. 3d DCA 1992) (reversing denial of motion for postconviction relief because of fundamental unfairness after erroneous affirmance on direct appeal in which court incorrectly rejected same point without discussion); Wright v. State, 604 So.2d 1248, 1249 (Fla. 4th DCA 1992) (reversing denial of motion for postconviction relief after previous per curiam affirmance of Wright's case on direct appeal and reversal of co-defendant's case in later appeal on identical ground).
Therefore, we reverse the trial court's denial of Fannin's rule 3.850 motion on the sentencing issue and remand this case to the trial court for an evidentiary hearing on the perjury issue. Should the trial court again deny Fannin's perjury claim, it must impose the fifteen-year minimum mandatory sentences to run concurrently, so that his sentence comes as close as possible to the guidelines. See Branam, 554 So.2d at 513.
Reversed and remanded.
PARKER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Fannin also filed a petition for a writ of habeas corpus raising the sentencing issue he raises here. We dismissed the petition as an improper collateral attack on Fannin's judgment and sentence. See Breedlove v. Singletary, 595 So.2d 8, 10 (Fla.1992); State v. Broom, 523 So.2d 639, 641 (Fla. 2d DCA 1988).
[2] Brothers v. State, 577 So.2d 701 (Fla. 4th DCA 1991), also appears to fit within this category, but does not state the offense dates. We note that the Fourth District, in Darrisaw v. State, 682 So.2d 214 (Fla. 4th DCA 1996), implicitly overruled any conflicting interpretation of Brothers.