825 So.2d 494 (2002)
Mario V. TRONCOSO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-2926.
District Court of Appeal of Florida, Third District.
September 4, 2002.
*495 Bennett H. Brummer, Public Defender, and Billie Jan Goldstein, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Fredericka Sands, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER and SORONDO, JJ.
PER CURIAM.
We grant the Appellant's motion for clarification in part and withdraw our opinion dated August 7, 2002 and substitute the following opinion in its place.
Mario Troncoso files a belated appeal of his sentences in case numbers: 84-17262A and 86-28204. While the belated appeal was pending, Troncoso timely filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court denied the motion. On appeal, Troncoso alleges that although he is serving a life sentence, the rule of law requires that his concurrent determinate sentences be correctly calculated under the guidelines. We affirm in part and reverse in part.
In case number 84-17262A, Troncoso entered a guilty plea to trafficking in cocaine of an amount in excess of four hundred grams (count III) and conspiracy to traffic in cocaine in an amount in excess of four hundred grams (count IV).[1] The trial court sentenced Troncoso to five-years probation on each count, with each count running concurrent.
In case number 86-28204, Troncoso was charged with first-degree murder and possession of a firearm during the commission of a felony. Troncoso entered a plea to *496 first-degree capital murder and was sentenced to life in prison with a minimum mandatory sentence of twenty-five years. The trial court also sentenced Troncoso to fifteen years on count two, the possession of a firearm count, to be served concurrently with the life sentence.
Troncoso was charged and adjudicated guilty of violating his probation in case number 84-17262. A sentencing guideline scoresheet was prepared, which indicated a guideline sentence of six years. The trial judge, however, announced she was departing from the guidelines due to the violence in case number 86-28204 and stated she was imposing a seven-cell upward departure sentence of thirty years, with a fifteen-year minimum mandatory sentence on count three (trafficking) and a consecutive fifteen-year sentence on count four (conspiracy to traffic). We address each of Troncoso's three sentences individually.

I. Original Sentence
In case number 84-17262, Troncoso entered a plea in exchange for a substantial assistance agreement and was sentenced to five-years probation on counts three and four. See § 893.135(3), Fla. Stat. (1983). The trial court would have been required to sentence Troncoso to at least the fifteen-year minimum mandatory sentence on each count if not for this substantial assistance agreement.[2] Based on the substantial assistance agreement, the sentence imposed by the trial court was appropriate.

II. Probation Violation
The trial court may impose any sentence which it might have originally imposed before placing the defendant on probation. See § 948.06(1) Fla. Stat. (1983). Here, the trial court was free to impose the fifteen-year minimum mandatory sentences that it could have imposed before placing the defendant on probation. Mearns v. State, 779 So.2d 282, 283 (Fla. 2d DCA 1998). The trial court's sentence of fifteen years for the violation of probation on count four was permissible, albeit not for the reason given by the trial court. The trial judge stated she was imposing a seven-cell upward departure sentence due to the violence in case number 86-28204. Under the law applicable at the time, a trial court could not impose a sentence exceeding a one-cell upward departure upon revocation of probation unless the departure was based on valid reasons which existed at the time defendant was placed on probation. See Fla. R. Crim. P. 3.701(d)(14)(1986); Rodriguez v. State, 645 So.2d 98, 100 (Fla. 3d DCA 1994). The violence of case number 86-28204 did not exist at the time Troncoso was placed on probation. However, because there was a fifteen-year minimum mandatory sentence for counts three and four, the court was free to impose a fifteen-year sentence upon revocation of probation. See Fla. R. Crim. Proc. 3.701(d)(9)(1986)("For those sentences having a mandatory penalty, a scoresheet should be completed and guideline sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence."). Troncoso agrees that he should have received fifteen-year sentences on these two counts but argues that pursuant to Branam v. State, 554 So.2d 512 (Fla.1990), the counts must be imposed *497 to run concurrently. We disagree.[3] The fact that the original terms of probation were ordered to run concurrently does not mandate that the sentences imposed after violation of probation also run concurrently. Ellis v. State, 406 So.2d 76, 78 (Fla. 2d DCA 1981). Troncoso's sentence on count four was permissible, however, he is entitled to be re-sentenced on count three. At that time, the court is free to impose either concurrent or consecutive sentences as that was the law prior to Branam. See Fannin v. State, 751 So.2d 158, 160 (Fla. 2d DCA 2000).

III. New Offense
Troncoso was sentenced to life with a twenty-five year minimum mandatory sentence for first-degree murder and to a concurrent fifteen-year sentence for possession of a firearm during the commission of a felony. Troncoso alleges that the trial court erred in failing to utilize a sentencing scoresheet in sentencing the defendant for the additional non-capital offense.[4] We agree. The trial court properly sentenced Troncoso for both first-degree murder and possession of a firearm during the commission of a felony. See State v. Hollinger, 581 So.2d 153 (Fla.1991)(multiple convictions may be imposed for first-degree murder and use of firearm in commission of a felony); State v. Baker, 456 So.2d 419 (Fla. 1984)(use of firearm was not a lesser included offense of first-degree murder and defendant was properly convicted for both crimes).[5] However, we agree that the trial court erred in failing to utilize a scoresheet when sentencing Troncoso for the noncapital offense of possession of a firearm during the commission of a felony and remand for re-sentencing. Lamb v. State, 532 So.2d 1051 (Fla.1988).
Affirmed in part, reversed in part and remanded with instructions consistent with this opinion.
NOTES
[1] A co-defendant was the only one charged in the first two counts of the information.
[2] Section 893.135(1)(b)(3), Florida Statutes (1983), requires that a person guilty of trafficking an amount in excess of four hundred grams of cocaine shall be sentenced to a minimum mandatory term of fifteen-years. (Emphasis added). Section 893.135(4), Florida Statutes (1983), provides that any person who conspires to commit the act prohibited by subsection (1) is guilty of a felony of the first-degree and is punishable as if he had actually committed such prohibited act.
[3] In Harden v. State, 595 So.2d 585, (Fla. 2d DCA 1992), the court affirmed the denial of defendant's 3.800 motion finding that although the sentence, which involved the stacking of minimum mandatory sentences is inconsistent with the principle announced in Branam v. State, 554 So.2d 512 (Fla.1990), it appears to have been proper at the time it was imposed. We acknowledge that while the thirty-year consecutive sentence on count three was improper, the trial court could have imposed a fifteen-year sentence on count three to run consecutive to a fifteen-year sentence on count four.
[4] The trial court did not give reasons for the upward departure.
[5] On this issue, we reject the state's confession of error.