# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D18-1843

————————————————

JUAN L. JENKINS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

————————————————

On appeal from the Circuit Court for Alachua County.
Mark W. Moseley, Judge.

March 7, 2019

PER CURIAM.

In 2007, Juan Jenkins pleaded no contest to aggravated battery and possession of a firearm by a convicted felon. Pursuant to a plea agreement, the court sentenced Jenkins to two concurrent probation terms. After Jenkins violated probation, the court sentenced him to two consecutive fifteen-year prison terms—a total of thirty years. This court affirmed that sentence without a written opinion. *See Jenkins v. State*, 995 So. 2d 957 (Fla. 1st DCA 2008) (table).

Jenkins then filed a rule 3.800(a) motion, contending his sentence was illegal. The trial court denied the motion, and Jenkins now appeals. Jenkins first argues that his thirty-year sentence violates his original plea agreement. But "when a

defendant pleads guilty pursuant to a plea bargain and the court places him on probation, if he violates his probation the court can sentence him to a term in excess of the provisions of the original bargain." *State v. Segarra*, 388 So. 2d 1017, 1018 (Fla. 1980). Jenkins also argues that because his probationary terms were concurrent, his sentences after he violated probation must likewise be concurrent. We reject this argument as well. "The fact that the original terms of probation were ordered to run concurrently does not mandate that the sentences imposed after violation of probation also run concurrently." *Troncoso v. State*, 825 So. 2d 494, 497 (Fla. 3d DCA 2002); *accord Ellis v. State*, 406 So. 2d 76, 78 (Fla. 2d DCA 1981). Finally, we reject Jenkins's argument that his consecutive sentences violate double jeopardy. *See* § 921.16, Fla. Stat. (2005); *State v. Cantrell*, 417 So. 2d 260, 260 (Fla. 1982).

AFFIRMED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

––––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––––

Juan L. Jenkins, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.