832 So.2d 934 (2002)
Raymond LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-325.
District Court of Appeal of Florida, Third District.
December 26, 2002.
Raymond Lopez, in proper person.
Richard E. Doran, Attorney General, for appellee.
Before COPE, GERSTEN and SHEVIN, JJ.
PER CURIAM.
Raymond Lopez appeals his revocation of probation and sentences imposed in Miami-Dade County Circuit Court case numbers 98-4124, 98-9720, and 99-6743. We affirm.
Defendant-appellant Lopez was placed on probation in the above three cases. Thereafter an affidavit of violation of probation was filed, charging the defendant with fleeing and eluding a police officer, reckless driving, and other violations. After the conclusion of the arresting officer's testimony at the violation of probation hearing, the defendant entered a plea bargain for a twelve-year term.
The trial court imposed a twelve-year sentence in circuit court case number 99-6743, a five-year term in circuit court case number 98-4124 (concurrent with the sentence in circuit court case number 99-6743), and a five-year term in circuit court case number 98-9720, consecutive to the sentence in circuit court case number 98-4124 (concurrent with the sentence in circuit court case number 99-6743).
The written sentencing order in circuit court case number 98-9720 does not conform to the oral pronouncement. It does not include the provision that the sentence be consecutive to circuit court case number 98-4124. We therefore remand in circuit court case number 98-9720 for correction of the sentencing order.
*935 Appointed counsel has filed a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
The appellant has filed a pro se brief in which he argues that the sentences are illegal. The defendant contends that the sentences imposed upon revocation of probation cannot exceed the original two-year probationary term. The defendant is incorrect. See § 948.06(1), Fla. Stat. (1999); Troncoso v. State, 825 So.2d 494, 496 (Fla. 3d DCA 2002). Each sentence imposed upon the defendant is within the legal maximum.
The defendant also attempts to challenge the factual basis pursuant to which he was originally placed on probation in circuit court case number 99-6743. That issue is not properly before us. The issue was first raised with the trial court by letter after the defendant's notice of appeal had already been filed. Our ruling is without prejudice to the defendant to seek postconviction relief. We express no opinion on the merits of any such claim.
We affirm the convictions and sentences in all three circuit court cases. We remand the sentencing order in circuit court case number 98-9720 for correction of the sentencing order to reflect that it is consecutive to the sentence imposed in circuit court case number 98-4124.
Affirmed; remanded for correction of order.