987 So.2d 750 (2008)
Raymond LOPEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-1059.
District Court of Appeal of Florida, Third District.
July 9, 2008.
*751 Raymond Lopez, Orlando, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, WELLS, and LAGOA, JJ.
LAGOA, Judge.
On February 27, 1998, Raymond Lopez was charged in case number F98-4124 with unlawful driving as a habitual traffic offender. On April 14, 1998, Lopez was charged in case number F98-9720 with one count of unlawful driving as a habitual traffic offender and one count of counterfeiting motor vehicle license and registration plates or stickers. Lopez pled no contest to both cases and was sentenced to eighteen months probation in each case. While on probation, Lopez was charged in case number F99-6743 with one count of attempted first degree murder, two counts of aggravated battery, and one count of criminal mischief. An affidavit of probation violation was filed in Lopez's previous two cases and Lopez entered into a negotiated plea for all cases, wherein he was sentenced to six months in Dade County Jail followed by two years on probation with special conditions.
On August 9, 2000, an affidavit of probation violation was filed alleging that Lopez was arrested in Broward County for fleeing and eluding a police officer, reckless driving, and other violations. Lopez entered into a plea bargain and was sentenced to prison for twelve years in case number F99-6743 and five years each for case number F98-4124 and case number F98-9720. On direct appeal, this Court affirmed Lopez's judgment and sentence with the direction that the sentencing order in case number F98-9720 be corrected to reflect that it was to be served consecutive to the sentence imposed in case number F98-4124. See Lopez v. State, 832 So.2d 934 (Fla. 3d DCA 2002).
On January 27, 2003, Lopez filed a Motion for Post Conviction Relief in case number F99-6743, which challenged his judgment and sentence. Lopez argued that the guilty plea entered in case number F99-6743 was involuntary due to counsel's failure to inform him of the victim's willingness to exonerate him, and the trial court's failure to inform him of the maximum potential sentence. The trial court denied the motion. Lopez proceeded to file supplemental grounds for his postconviction motion and argued that his counsel was ineffective for failing to advise him of the consequences of his plea. The trial court denied that motion as well as a motion for rehearing.
Thereafter, Lopez filed a Motion to Correct Illegal Sentence alleging that the trial court erred in departing from the sentencing guidelines without offering a written reason. That motion was denied and a written order entered on April 30, 2004. On March 24, 2004, Lopez filed an Amended Motion to Correct Illegal Sentence claiming that in addition to departing from the guidelines, the trial court used the *752 wrong scoresheet. That motion was also denied on April 30, 2004.
In case number 3D04-1505, Lopez challenged all the orders entered on April 30, 2004, and this Court affirmed. See Lopez v. State, 882 So.2d 392 (Fla. 3d DCA 2004) (Table). Claiming that he did not receive any order disposing of those appeals, Lopez filed an Amended Initial Brief addressing the denial of the motions and the State was ordered to respond to the Amended Initial Brief in case number 3D04-3264. This Court affirmed the trial court's denial of Lopez's motions to correct illegal sentence. See Lopez v. State, 903 So.2d 943 (Fla. 3d DCA 2005) (Table).
Thereafter, Lopez filed a Petition for Writ of Habeas Corpus re-arguing the scoresheet issues previously asserted and claiming that appellate counsel should have raised the issues following the imposition of his sentence. That petition was also denied by this Court. See Lopez v. State, 917 So.2d 201 (Fla. 3d DCA 2005) (Table).
On or about December 27, 2004, Lopez filed another Motion for Post Conviction Relief alleging: (1) that counsel was ineffective for failing to determine that the Criminal Punishment Code did not apply to Count 2 of case number F99-6743, which resulted in erroneous advice as to the appropriate guideline score and an involuntary plea; (2) counsel was ineffective for failing to discover scoresheet errors in case numbers 98-4124 and 98-9720, which resulted in erroneous advice as to the appropriate guideline score and an involuntary plea; (3) counsel was ineffective for failing to object to the scoresheet calculations, which resulted in erroneous advice as to the appropriate guideline score, an involuntary plea and a breach of the plea agreement; and (4) that the cumulative effect of the ineffective assistance of counsel alleged in the motion resulted in an involuntary plea. The trial court denied the motion as successive and untimely. On appeal, this Court held that the trial court incorrectly ruled that the motion was untimely. Lopez v. State, 946 So.2d 46 (Fla. 3d DCA 2006). The case was remanded with directions to either establish that the motion was successive "or to take other appropriate action on the merits." Lopez, 946 So.2d at 47.
On remand, the trial court found that Lopez could have raised the grounds asserted in his December 2004 motion for postconviction relief in his January 27, 2003 motion. The trial court further found that Lopez's scoresheet claims were raised in his prior Motion to Correct Illegal Sentence and in his Petition for Habeas Corpus, which were both denied by this Court. The trial court denied the motion as successive and ordered the clerk of the court to transmit the following to this Court: (1) Defendant's motion for postconviction relief filed December 27, 2004; (2) the State's response and all attached exhibits, including (a) Defendant's January 27, 2003 motion for postconviction relief, (b) Defendant's March 12, 2004 motion to correct illegal sentence, (c) the April 30, 2004 order denying Defendant's January 27, 2003 and March 12, 2004 motions, (d) Defendant's December 21, 2004 Petition for Writ of Habeas Corpus, and (e) the February 18, 2005 order denying the petition. Lopez now appeals from the trial court's August 23, 2007 order denying his December 2004 motion for postconviction relief. We conclude that the trial court was correct and we affirm the trial court's order.
While we recognize that defendants must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations, see State v. Spencer, 751 So.2d 47, 48 (Fla.1999), we find that it is an abuse of process to file successive motions rearguing the same issues which have been *753 heard, considered, and rejected. Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
Accordingly, Lopez is hereby ordered to show good cause why he should not be prohibited from filing further pro se pleadings with this Court pertaining to case numbers F98-4124, F98-9720, and F99-6743.
Affirmed, and an order to show cause issued.