On Motion to Enforce Mandate
 

 LAGOA, Judge.
 

 Gregory Curry (“Curry”) requests that this Court enforce the mandate issued in
 
 Curry v. State,
 
 994 So.2d 1109 (Fla. 3d DCA 2007). For the following reasons, we deny Curry’s motion.
 

 On January 22, 1993, after a jury trial, Curry was convicted of armed robbery, in violation of section 812.13, Florida Statutes (Supp. 1992), and burglary of an occupied conveyance with a firearm, in violation of section 810.02, Florida Statutes (Supp. 1992). Curry was sentenced as a habitual violent offender to a term of twenty-seven years with a minimum mandatory of ten years.
 

 After numerous unsuccessful post-conviction motions, petitions and appeals, Curry filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. On October 23, 2006, the trial court summarily denied Curry’s motion. Curry then filed a motion for rehearing, which was also denied by the trial court. Because the postconviction record failed to make the required showing that Curry conclusively was not entitled to the relief sought, this Court reversed the trial court’s denial and remanded for further proceedings.
 
 Curry,
 
 994 So.2d at 1110.
 

 On April 23, 2007, this Court issued its mandate commanding the trial court to comply with its opinion. On May 31, 2007, Curry filed a motion to enforce the Court’s mandate. The motion to enforce mandate was denied as moot based on the State’s report that the trial court had issued an order summarily denying Curry’s motion for postconviction relief on June 8, 2007. The trial court set forth its reasoning for the denial and cited to portions of the record, which were attached to the order as part of the State’s response. The court determined that the record conclusively established that Curry was not entitled to relief.
 
 [1]
 
 On July 25, 2007, Curry appealed the order. On April 16, 2008, this Court
 
 *935
 
 affirmed the June 8, 2007, order.
 
 Curry v. State,
 
 980 So.2d 503 (Fla. 3d DCA 2008) (table). On motions for rehearing, Curry argued that the trial court did not comply with the mandate issued in case number 3D07-22. The motions were denied on August 12, 2008, and October 8, 2008.
 

 On October 16, 2008, Curry filed a motion to hear, review and rule on his second motion to enforce mandate in case number 3D07-22. On March 22, 2009, he filed a motion to enforce “appropriate relief,” and on June 15, 2009, he filed a “third motion to enforce mandate.”
 
 [2]
 
 In the motions, Curry again argues that the trial court did not afford him the “appropriate relief’ in accordance with this Court’s mandate in
 
 Curry,
 
 994 So.2d at 1110. This argument is without merit as the trial court on remand properly reconsidered Curry’s motion in accordance with the mandate.
 

 “It is well settled that a ‘trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so.’ ”
 
 Vega v. McDonough,
 
 956 So.2d 1205, 1206 (Fla. 1st DCA 2007) (quoting
 
 Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Fin. Corp.,
 
 328 So.2d 825, 827 (Fla.1975)). In
 
 Curry,
 
 994 So.2d at 1110, this Court reversed and remanded for further proceedings, stating:
 

 Because the record now before us fails to make the required showing, we reverse the order and remand for an evi-dentiary hearing or other appropriate relief.
 
 If the trial court again enters an order sum,manly denying the postcon-viction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
 

 (Emphasis added). In denying the motion, the trial court did not “evade” this Court’s mandate. As directed, the trial court ruled on Curry’s motion, setting forth its rationale and attaching portions of the record it determined conclusively showed that Curry was not entitled to any relief. On appeal, this Court affirmed the order and denied rehearing, apparently holding that the record conclusively refuted Curry’s allegations. Contrary to Curry’s repeated assertions, and in accordance with this Court’s prior rulings, the trial court was not compelled to provide him any . particular relief. Accordingly, we deny the motion to enforce mandate.
 

 Since Curry’s convictions and sentence, in case number 91-33233B, were affirmed in 1993,
 
 Curry v. State,
 
 627 So.2d 603 (Fla. 3d DCA 1993) (table), he has filed a multitude of unsuccessful pro se appeals and petitions attacking the convictions or sentence with this Court.
 
 [3]
 
 In the latest
 
 *936
 
 filings with this Court, Curry argues that he has not been afforded the mandated relief in case number 3D07-22, despite this Court’s ruling to the contrary in affirming the order issued on remand and denying two rehearing motions. As this Court stated in
 
 Lopez v. State,
 
 987 So.2d 750, 752-53 (Fla. 3d DCA 2008):
 

 While we recognize that defendants must be provided with a full panoply of procedural vehicles with which to challenge the lawfulness of their incarcerations,
 
 see State v. Spencer,
 
 751 So.2d 47, 48 (Fla.1999), we find that it is an abuse of process to file successive motions rearguing the same issues which have been heard, considered, and rejected.
 
 Isley v. State,
 
 652 So.2d 409, 410 (Fla. 5th DCA 1995).
 

 Accordingly, Curry is hereby ordered to show good cause within thirty (30) days why he should not be prohibited from filing further pro se pleadings with this Court pertaining to case number 91-33233B.
 

 Motion to enforce is denied, and order to show cause issued.
 

 [1]
 

 . The order states, in pertinent part:
 

 The Defendant Gregory Curry filed a motion for Post Conviction relief alleging that his trial counsel was ineffective because he misinformed him regarding the nature of the sentence he could receive as a habitual offender. In particular, the defendant alleges that his attorney told him that his charge was a lifer [sic] felony and that he could not be habitualized for a life felony. The defendant also alleged that had his attorney not misadvised him, he would have accepted the State of Florida's offer of twelve years in state prison.
 

 Florida Rules of Criminal Procedure 3.850(d) provides that if the motion, files and records show that the movant is entitled to no relief, the motion shall be denied with no hearing. In the instant case, this Court finds that the record conclusively shows that the defendant, Gregory Curry is not entitled to relief. At the sentencing hearing, the defendant chose to address the sentencing judge. The Defendant continued to proclaim his innocence and did not claim to be misinformed. (See page 46, line 20 of transcript). All this occurred after the State of Florida asked the Court to sentence the defendant as a habitual Felony Offender. The Defendant's assertion of his innocence clearly contradicts his statement in his current motion that had he known he could be sentenced as a habitual offender, he would not have gone to trial but would have taken the State's offer of twelve years as a habitual offender. In addition, the State’s offer was as a habitual offender. (Seepage 6, Line 19 of transcript). Either way, the defendant was going to be sentenced as a habitual offender, whether he accepted the state's offer or whether he was sentenced after trial. Therefore, this Court
 
 *935
 
 finds that the defendant’s assertion in the instant motion is not credible. The record conclusively shows that he is not entitled to relief and the motion is denied.
 

 [2]
 

 . In addition, in case number 3D09-995, Curry has filed an all writs petition seeking a writ enforcing this Court's mandate in case number 3D07-22.
 

 [3]
 

 .
 
 See Curry v. State,
 
 985 So.2d 543 (Fla. 3d DCA 2008) (table) (denying rehearing from denial of mandamus petition);
 
 Curry v. State,
 
 967 So.2d 918 (Fla. 3d DCA 2007) (table) (affirming denial of rehearing of order summarily denying Rule 3.800 motion);
 
 Curry v. State,
 
 955 So.2d 579 (Fla. 3d DCA 2007) (table) (prohibition denied);
 
 Curry v. State,
 
 953 So.2d 536 (Fla. 3d DCA 2007) (table) (voluntary dismissal of appeal from order summarily denying Rule 3.850 motion);
 
 Curry v. State,
 
 952 So.2d 1199 (Fla. 3d DCA 2007) (table) (all writs petition denied);
 
 Curry v. State,
 
 939 So.2d 107 (Fla. 3d DCA 2006) (table) (affirming order summarily denying Rule 3.850 motion);
 
 Curry v. State,
 
 913 So.2d 736 (Fla. 3d DCA 2005) (affirming order summarily denying Rule 3.800 motion);
 
 Curry v. State,
 
 898 So.2d 1212 (Fla. 3d DCA 2005) (same);
 
 Curry v. State,
 
 861 So.2d 38 (Fla. 3d DCA 2003) (table) (denying belated appeal);
 
 Curry v. State,
 
 846 So.2d 521 (Fla. 3d DCA
 
 *936
 
 2003) (table) (affirming denial of habeas corpus).