PER CURIAM.
Hever Ramos appeals the summary denial of a rule 3.850 motion. We reverse and remand to allow Ramos an opportunity to amend one claim pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), and Alcorn v. State, 121 So.3d 419 (Fla.2013).
In claim 5 of Ramos’ supplemental rule 3.850 motion, he alleged that his attorney provided ineffective assistance that caused him to reject a favorable plea offer. Ramos alleged that counsel did not explain the sentence structure and consequences of rejecting the state’s plea offer. According to Ramos, counsel did not tell him that he could receive consecutive sentences and that the sexual battery charges in counts I and III would be reclassified to first degree felonies because multiple perpetrators were involved. Ramos alleged that this prevented him from making an informed decision about the state’s offer. Ramos also said that counsel misadvised him that the victim was not willing to testify because counsel told Ramos that the victim did not want to go to trial and wanted defense counsel to persuade him to accept the plea offer. Ramos alleged that if he had been adequately informed, he would have accepted the state’s plea offer.
Ramos has not shown that his attorney gave him any misadvice. The victim may in fact have been unavailable or unwilling to testify when the initial offer was made. But, in rejecting the offer, Ramos ran the risk that circumstances could change.
Counsel may be ineffective for failing to advise a defendant about the maxi *645 mum possible penalty when conveying a plea offer. Alcorn, 121 So.3d at 426 (“No party disputes that counsel’s failure to advise a defendant of his or her exposure to an enhanced life sentence under Florida’s HFO sentencing statute during plea negotiations amounts to deficient performance.”); see also Lester v. State, 15 So.3d 728, 732 (Fla. 4th DCA 2009); McDowell v. State, 905 So.2d 999 (Fla. 4th DCA 2005); Pennington v. State, 34 So.3d 151, 155 (Fla. 1st DCA 2010); Williams v. State, 924 So.2d 897, 898-99 (Fla. 1st DCA 2006).
Without Ramos stating what he thought the maximum sentence could be, there may be no way to evaluate the objective reasonableness of his claim that he would have accepted the fifteen-year offer if counsel told him he could receive up to sixty-five years for the offenses in this case. Ramos may simply have been willing to risk whether the victim would appear for trial.
His claim is also facially insufficient under Alcorn because he does not state that the prosecutor would not have withdrawn the offer and that the court would have accepted it. Alcorn, 121 So.3d at 422.
On appeal, the state agrees that he should have been given leave to amend this claim.
Accordingly, we reverse and remand for the trial court to allow Ramos an opportunity to correct the pleading deficiencies in claim 5 if he can do so in good faith. See Fla. R. Crim. P. 3.850(f)(3). We affirm the summary denial of the remaining claims.

Affirmed in part, reversed in part, and remanded.

TAYLOR, CIKLIN and LEVINE, JJ., concur.