NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL ROBINSON,                  )
                                   )
             Appellant,            )
                                   )
v.                                 )      Case No.  2D13-5299
                                   )
STATE OF FLORIDA,                  )
                                   )
             Appellee.             )
_____)

Opinion filed October 10, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico,
Judge.

Michael Robinson, pro se.


KELLY, Judge.

         Michael Robinson filed a timely motion for postconviction relief under

Florida Rule of Criminal Procedure 3.850 in which he contended that his counsel was

deficient in advising him to reject a favorable plea offer on the morning of trial.  The

postconviction court considered Mr. Robinson's claim as three separate grounds.  We

find no merit in Mr. Robinson's appeal of grounds one (B) and one (C) and affirm the

order denying those grounds, but we reverse and remand the denial of ground one (A).

         Mr. Robinson asserted that he was convicted after trial of sexual battery, a

second-degree felony, and sentenced to thirty years in prison, with the last fifteen years

suspended and to be served on sexual offender probation. He was sentenced as both a habitual violent felony offender (HVFO), which required him to serve ten years prior to release, and as a prison releasee reoffender (PRR), requiring a mandatory minimum term of fifteen years before release.

According to Mr. Robinson's rule 3.850 motion, the State offered him a deal on the morning of trial. In exchange for pleading guilty, he would be sentenced to five years in prison to be followed by five years on probation. He rejected this offer and went to trial but he would not have done so had his counsel effectively advised him. Specifically, Mr. Robinson claimed that his counsel did not explain that should he lose at trial, he would be eligible for both PRR and HVFO sentencing, which required minimum mandatory terms of fifteen years and ten years, respectively.

In rejecting this claim, the postconviction court attached to its order copies of the Notice of Enhanced Penalty, which informed the defendant and his attorney that the State had determined that Mr. Robinson qualified for habitual felony offender and habitual violent felony offender sentencing, and the Notice of Defendant's Qualifications as a Prison Releasee Reoffender, notifying the defendant and his attorney that the State might seek imposition of the mandatory sentence pursuant to section 775.082, Florida Statutes (2007). Both of these documents were filed and served on the defendant and his attorney in October 2007, well before the 2010 trial and plea offer. The postconviction court found that these documents refuted the defendant's claim that he was "unaware that he would be eligible for sentencing as a PRR and HVFO"; therefore, counsel could not be said to be deficient for failing to inform the defendant of

this eligibility, which was brought to the defendant's attention more than two years before trial.

In our view, these documents do not conclusively refute the defendant's claim. Although they demonstrate that the defendant was legally on notice of the potential for PRR and HVFO sentencing, the notices cannot refute his claim that his counsel was ineffective for failing to inform him of the consequences of such sentencing—i.e., the fifteen- and ten-year mandatory minimum terms. Without a full understanding of those consequences, about which it was his attorney's duty to inform him, Mr. Robinson claimed that his ability to evaluate the plea offer was prejudiced. See Lafler v. Cooper, 132 S. Ct. 1376, 1385 (2012) (holding the constitutional right to the effective assistance of counsel "applies to pretrial critical stages that are part of the whole course of a criminal proceeding, a proceeding in which defendants cannot be presumed to make critical decisions without counsel's advice").

Nevertheless, we reverse the postconviction court's order on other grounds: the prejudice allegations of the motion were facially insufficient, but, having decided that counsel's performance was not deficient, the postconviction court failed to enter a nonfinal order permitting the defendant to amend within sixty days. See Fla. R. Crim. P. 3.850(f)(2). We note that in this context prejudice is determined "based upon a consideration of the circumstances as viewed *at the time of the offer* and what would have been done *with proper and adequate advice.*" Alcorn v. State, 121 So. 3d 419, 432 (Fla. 2013). Mr. Robinson alleged that he would have taken the offer if his counsel had properly advised him and that his sentence would have been less severe than that imposed after trial. However, to be facially sufficient, he was also required to allege a

reasonable possibility, sufficient to undermine confidence in the outcome of the proceeding, that the prosecutor would not have withdrawn the offer (which seems unlikely since it was extended on the morning of trial) and that the trial court would have accepted it. <u>Alcorn</u>, 121 So. 3d at 433. Mr. Robinson should be permitted to amend his motion to assert prejudice within the time specified in rule 3.850(f)(2), if he can do so in good faith.

Affirmed in part, reversed in part, and remanded for further proceedings.


NORTHCUTT and SILBERMAN, JJ., Concur.