DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIE B. CAREY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-1015

[October 7, 2015]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jack Schramm Cox, Judge; L.T. Case No. 502011CF007136AXMB.

Willie B. Carey, Blountstown, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuna, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Willie B. Carey appeals the order summarily denying his rule 3.850 motion. We reverse the summary denial of ground three and remand with directions that he be allowed an opportunity to amend. We affirm the summary denial of the other grounds without further comment.

In his third ground, Carey alleged that ineffective assistance of his counsel resulted in his rejecting a favorable plea offer. He alleged counsel failed to advise him that he qualified for enhanced sentencing as a Prison Releasee Reoffender (PRR) and as a habitual felony offender (HFO); he did not learn he qualified until the State filed notices on the date his trial began. He further alleged counsel did not advise him of the maximum sentences he could receive as a PRR and a HFO, or that he would have to serve 100 percent of his sentence as a PRR. He also alleged that counsel misadvised him he undoubtedly would win his motion to suppress, and the prosecution would have no substantial evidence to support a finding of guilt, so he would win at trial. He lastly alleges that if he had been aware his motion to suppress could be denied, or of the penalties he actually faced, he would have accepted the State's offer.

Ground three was facially insufficient under *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013). In *Alcorn*, the supreme court discussed what a defendant must allege and prove in order to demonstrate prejudice in connection with a claim that counsel's ineffectiveness caused the defendant to lose an advantageous plea offer. *Id.* at 429-30 (citing *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012)):

> Specifically, to establish prejudice, the defendant must allege and prove a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 430 (citing *Frye*, 132 S. Ct. at 1410).

When a motion is insufficient, the movant ordinarily is entitled to at least one opportunity to amend, pursuant to *Spera v. State*, 971 So. 2d 754 (Fla. 2007). *E.g., Ramos v. State*, 141 So. 3d 643, 645 (Fla. 4th DCA 2014). In response to this court's order to show cause, the State agrees that Carey should be permitted an opportunity to amend.

Accordingly, we reverse and remand for the trial court to allow Carey an opportunity to amend ground three to correct the pleading deficiencies, if he can do so in good faith.

*Affirmed in part, Reversed in part, and Remanded.*

CIKLIN, C.J., MAY and DAMOORGIAN, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**