IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHEL D. DEPRIEST,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

    Appellant,

v.

CASE NO. 1D15-1384

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed November 13, 2015.

An appeal from an order of the Circuit Court for Madison County.
Andrew J. Decker, III, Judge.

Michel D. DePriest, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

The appellant appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we affirm in part and reverse and remand in part.

In January 2013, the appellant entered a negotiated admission to violating his probation, imposed for three lewd or lascivious battery convictions and one

conviction for failing to register as a sex offender, in exchange for sentences totaling 20 years' imprisonment. One of the claims raised in his motion is that counsel never advised him of the maximum sentence he faced, and therefore he rejected a plea offer of 15 years' imprisonment because he was under the mistaken impression that was the maximum sentence he faced if the trial court found that he violated probation.

"Counsel may be ineffective for failing to advise a defendant about the maximum possible penalty when conveying a plea offer." Ramos v. State, 141 So. 3d 643 (Fla. 4th DCA 2014). Here, the appellant alleges that he was unaware that he faced more than 15 years' imprisonment if he rejected the offer, and if he had known, he would have taken the 15-year plea. There is nothing in the record before this Court to refute that allegation. However, the appellant has not alleged that the trial court would have accepted the 15-year plea, or that the State would not have withdrawn the offer. See Alcorn v. State, 121 So. 3d 419, 430 (Fla. 2013) (holding that to adequately allege prejudice when a defendant is claiming ineffective assistance of counsel during the plea process, the defendant must allege "that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and

2

sentence that in fact were imposed."). The appellant should have been given a chance to amend to state a facially sufficient claim for relief. See Spera v. State, 971 So. 2d 754 (Fla. 2007) (holding that a trial court must allow the defendant at least one opportunity to amend a facially insufficient motion).

Accordingly, we reverse and remand the denial of the appellant's claim that counsel was ineffective for failing to advise him of the maximum sentence he faced if he rejected the plea for the trial court to grant the appellant an opportunity to amend. We affirm the denial of the remaining claims raised in the motion.

Affirmed in part, Reversed and Remanded in part, with directions.

WOLF, WETHERELL, and MARSTILLER, JJ., CONCUR.