DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JERMAINE BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2428

[May 2, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Thomas M. Lynch, V, Judge; L.T. Case No. 11-654CF10A.

Jermaine Brown, Milton, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR REHEARING**

PER CURIAM.

Upon consideration of appellee's motion for rehearing, we grant the motion and withdraw this Court's opinion dated February 28, 2018. The attached opinion is substituted therefore.

Jermaine Brown appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant alleged eight claims in his motion. We reverse the portion of the post-conviction court's order that denied ground six and remand to allow appellant an opportunity to amend this claim. We affirm, without further discussion, the court's summary denial of the remaining claims.

Appellant was convicted of aggravated battery and simple battery following a jury trial. The trial court sentenced him to a twenty year prison term for the aggravated battery with a ten year mandatory term as a habitual violent felony offender and time served for the simple battery.

This Court affirmed his direct appeal. *Brown v. State*, 133 So. 3d 941 (Fla. 4th DCA 2013).

Appellant timely filed a rule 3.850 motion raising eight grounds. In ground six, he claimed that trial counsel was ineffective for misadvising him to reject a favorable plea offer to a 58.4 month prison term. He alleges that counsel told him that the case boiled down to a credibility call and the victim's initial "waiver of prosecution form" could serve to impeach her. Appellant alleges further that counsel told him that the State could not win under the circumstances and that the plea offer was excessive. Allegedly relying on this advice, he rejected the plea offer. *Alcorn v. State*, 121 So. 3d 419 (Fla. 2013).

The Florida Supreme Court has held that a claim that counsel was ineffective for advising the defendant to reject a plea offer because counsel was confident that she could win at trial was insufficient. *Morgan v. State*, 991 So. 2d 835, 841 (Fla. 2008), *rev'd on other grounds*, *Alcorn*, 121 So. 3d at 419 (Fla. 2013). *Morgan* reasoned, "[t]he mere fact that [the defendant] did not prevail at trial does not translate into misadvice. Some specific deficiency on the part of counsel must be alleged." *Id*. While a specific deficiency was lacking in *Morgan*, here appellant alleged a specific deficiency tied to counsel's value of the waiver of prosecution as evidence to impeach the victim.

However, the State is correct that appellant failed to allege two of *Alcorn's* four pleading requirements.[1] Specifically, appellant failed to allege that the State would not have withdrawn the offer, and that the trial court would have accepted the offer. *Ramos v. State*, 141 So. 3d 643, 644 (Fla. 4th DCA 2014) ("His claim is also facially insufficient under *Alcorn* because he does not state that the prosecutor would not have withdrawn the offer and that the court would have accepted it."); *Armstrong v. State*, 148 So. 3d 124, 126 (Fla. 2d DCA 2014) ("Armstrong failed to allege that the prosecutor would not have withdrawn the offer and that the court

---

[1] *Alcorn*, 121 So. 3d at 430 (holding that to adequately allege prejudice when a defendant is claiming ineffective assistance of counsel during the plea process, the defendant must allege "that (1) he or she would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed").

would have accepted it."). We are bound by *Alcorn* and its pleading requirements.[2]

Because the pleading defects may be correctable, appellant should be given the opportunity to do so. *See Drakus v. State*, 219 So. 3d 979, 982 (Fla. 1st DCA 2017) (reversing the portion of the trial court's order summarily denying the appellant's claim, not on the merits, as found by the trial court, but because the claim was facially insufficient); *see also Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007) (holding that a defendant who files a legally insufficient 3.850 motion for failing to meet pleading requirements should be allowed at least one opportunity to amend the motion); Fla. R. Crim. P. 3.850(f).

Therefore, we reverse the summary denial and remand with directions for the trial court to provide appellant sixty days to amend claim six of his motion, if he can do so in good faith. We affirm the summary denial of the remaining claims.

*Affirmed in part, reversed in part and remanded with directions.*

LEVINE, CONNER and KLINGENSMITH, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] We recognize language that could suggest otherwise in *Clark v. State*, 238 So. 3d 281, 483 (Fla. 4th DCA 2018) and *Jacques v. State*, 193 So. 3d 1065 (Fla. 4th DCA 2016). However, close review of those cases reflects that the state did not challenge the motion as legally insufficient because of this pleading defect.

3