# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3309

_____

DARRION R. KITCHEN,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

March 13, 2019

WOLF, J.

Appellant challenges the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm as to ground 1 without comment. We reverse and remand for further proceedings for grounds 2 and 3.

In ground 2, appellant argued his counsel was ineffective for failing to sufficiently advise him regarding a plea offer for 7 years in prison. He asserted counsel failed to tell him that 7 years in prison was the minimum sentence that he could receive under the guidelines if he were found guilty. If he had been properly

advised, he argued he would have accepted the offer,[1] the State would not have revoked the offer, the trial court would have accepted the offer, and he would have received a lesser sentence than he ultimately received.

Appellant's claims were legally sufficient. Defense counsel is required to "advise the defendant of . . . all pertinent matters bearing on" the decision to accept or reject a plea offer, including the possible range of sentencing. Fla. R. Crim. P. 3.171(c)(2)(B). *See also Depriest v. State*, 177 So. 3d 701 (Fla. 1st DCA 2015); *Robinson v. State*, 148 So. 3d 535, 537 (Fla. 2d DCA 2014). Thus, we remand either for the court to attach portions of the record conclusively refuting these claims or to conduct an evidentiary hearing.

For ground 3, appellant alleged counsel was ineffective for misadvising him that his testimony was not needed. Appellant was charged with sexual battery, and his theory of defense was that the sexual encounter was consensual. However, he argued counsel failed to appreciate that the defense lacked any direct evidence of consent apart from appellant's testimony. Appellant argued if he had been properly advised, he would have testified that the sex was consensual, that the victim initiated the sex, and that she expressed regret afterwards because she was afraid her boyfriend would find out. He argues his testimony probably would have resulted in a different verdict.

The postconviction court found the record conclusively refuted appellant's claim because during a colloquy, appellant stated he understood that it was his decision whether or not to testify. However, the supreme court has clarified that even where the record conclusively demonstrates that "the defendant knowingly and voluntarily decided not to testify. . . . [a] separate question is whether [counsel's] advice [to the defendant], even if voluntarily followed, was nevertheless deficient because no

---

[1] Appellant explicitly alleged that he rejected the State's offer: "Mr. Kitchen alleges that he *rejected the State's plea offer and proceeded to trial because he was not fully informed.*" (Emphasis added).

2

reasonable attorney would have discouraged [the defendant] from testifying." *Lott v. State*, 931 So. 2d 807, 818-19 (Fla. 2006).

Here, appellant did not challenge the voluntariness of his decision not to testify. Instead, he argued counsel's advice that he should choose not to testify was deficient performance. The postconviction court did not address this argument. We reverse and remand for the court either to attach portions of the record refuting this claim or to hold an evidentiary hearing.[2]

AFFIRMED in part, REVERSED and REMANDED in part.

LEWIS and RAY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Darrion R. Kitchen, pro se, Appellant.

Ashley B. Moody, Attorney General, Tallahassee, for Appellee.

---

[2] We note the State argues that appellant could not show prejudice as to this ground because even if he had testified, his theory of defense that the sexual encounter was consensual would not have been successful. The State asserts he was charged with the sexual battery of a minor, and consent is not a defense to that charge. The State is mistaken. Appellant was charged with sexual battery on a person twelve years of age or older as prohibited by section 794.011(5), Florida Statutes. However, the State did not allege that the victim was less than 18 years old. The victim testified that she was 21 years old at the time of trial, which occurred 6 months after the incident took place.