DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMAN HOLMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2249

[June 5, 2019]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 11-013835 CF10A.

Richard L. Rosenbaum of Law Offices of Richard Rosenbaum, Fort Lauderdale, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

**CONCESSION OF ERROR**

PER CURIAM.

Herman Holmes appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Holmes alleged five claims of ineffective assistance of counsel. We reverse the portion of the trial court's order that denied claim three and remand to allow Holmes an opportunity to amend that claim. We affirm, without further discussion, the court's summary denial of the remaining claims.

Holmes was convicted of two counts of robbery with a firearm following a jury trial. The trial court sentenced him to life in prison as a prison releasee reoffender (PRR). This court affirmed on direct appeal. *See Holmes v. State*, 168 So. 3d 1278 (Fla. 4th DCA 2015).

Holmes timely filed the instant rule 3.850 motion. In claim three, Holmes alleged that counsel was ineffective for misrepresenting the likelihood of success at trial and for failing to discuss PRR sanctions with

him. He maintained that counsel failed to inform him that he faced mandatory life imprisonment if he was convicted at trial, and that counsel informed him that his maximum exposure was twelve years. He further alleged that this resulted in his rejection of a twelve-year plea offer. He argued that if counsel properly advised him, he would have "readily" accepted the plea offer. *See Alcorn v. State*, 121 So. 3d 419, 422 (Fla. 2013).

Following this court's order to show cause, the State argued that Holmes failed to allege two out of the four pleading requirements in *Alcorn*. *See id.* Specifically, Holmes failed to allege that the State would not have withdrawn the plea offer and that the trial court would have accepted the offer. *See id.*; *see also Ramos v. State*, 141 So. 3d 643, 645 (Fla. 4th DCA 2014) ("His claim is also facially insufficient under *Alcorn* because he does not state that the prosecutor would not have withdrawn the offer and that the court would have accepted it.").

However, the State concedes, and we agree that pursuant to *Spera v. State*, 971 So. 2d 754 (Fla. 2007), Holmes should have been permitted an opportunity to amend his claim to render it legally sufficient. *See, e.g.*, *Brown v. State*, 243 So. 3d 1000, 1002 (Fla. 4th DCA 2018) (reversing and remanding with leave to amend claim which was facially insufficient under *Alcorn*).

Therefore, we reverse the summary denial and remand with directions for the trial court to provide Holmes sixty days to amend claim three of his motion, if he can do so in good faith. We affirm the summary denial of the remaining claims.

*Affirmed in part, reversed in part, and remanded.*

GERBER, C.J., FORST and KLINGENSMITH, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

2