DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEAN MATHIEU,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1029

[March 18, 2020]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 11-015001CF10A.

Daniel J. Tibbitt of Law Offices of Daniel J. Tibbitt, P.A., North Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR CLARIFICATION OF OPINION***

PER CURIAM.

We grant the parties' joint motion for clarification of our February 5, 2020 opinion and modify the opinion to reflect appellant's correct sentence.

Jean Mathieu appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the trial court's summary denial of two claims of ineffective assistance of counsel associated with appellant's rejection of a favorable plea offer. *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013). We affirm on the remaining points without further discussion.

Appellant's claims stem from violation of probation (VOP) proceedings. He was on probation following two drug convictions. Relevant to this

appeal is that the state alleged that appellant violated the terms of that probation by committing a new criminal offense of domestic battery. The state also charged appellant with that new offense.

Appellant rejected offers to resolve both the VOP and substantive cases. Following a VOP hearing, the trial court found that appellant violated probation because of that domestic battery. The trial court revoked appellant's probation and sentenced him on the original offenses to consecutive terms of fifteen years in prison on Count I and ten years of probation on Count II. This court affirmed. *Mathieu v. State*, 199 So. 3d 278 (Fla. 4th DCA 2016).

Appellant timely filed the instant rule 3.850 motion, alleging that he rejected a favorable plea offer for two reasons.

First, appellant alleges that he rejected the plea because counsel assured him that the victim would not appear at the VOP hearing and that the state could not prove its case with hearsay and without her presence. His claim is that counsel was ineffective because he was unaware that the state could use hearsay in VOP proceedings. *See Russell v. State*, 982 So. 2d 642, 646 (Fla. 2008) (recognizing hearsay is admissible in violation of probation proceedings, but hearsay alone may not form the sole basis for revocation).

The record reflects that the plea offers were made and available before the hearing. *Alcorn*, 121 So. 3d at 430. Significantly, it also reflects that the state used hearsay to the extent permissible to support the violation.

As a second point of ineffectiveness, appellant alleges that counsel misadvised him that the trial court could not impose consecutive sentences following the VOP, as it did, because his original sentences were concurrent. *See Troncoso v. State*, 825 So. 2d 494, 497 (Fla. 3d DCA 2002) ("The fact that the original terms of probation were ordered to run concurrently does not mandate that the sentences imposed after violation of probation also run concurrently."). Appellant alleges that he would have accepted the favorable plea if properly advised.

We reverse and remand for further proceedings because the record does not refute appellant's allegations regarding those claims. *See generally Holmes v. State*, 275 So. 3d 660 (Fla. 4th DCA 2019) (remanding for further review of claim that movant rejected a favorable plea offer where counsel misrepresented the likelihood of success at trial and failed to discuss prison releasee reoffender and mandatory sanctions, if convicted at trial). As noted above, we affirm the trial court's denial of the remaining claims.

*Affirmed in part; Reversed in part; and Remanded.*

LEVINE, C.J., TAYLOR AND DAMOORGIAN, JJ., concur.

\* \* \*